DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Leslie Halberg-Weiss, appeals the decision of the Cuyahoga Falls Municipal Court, which awarded summary judgment in favor of appellee, Midland Funding LLC-MFL, on its complaint for money owed by appellant. This Court affirms.
 I. {¶ 2} Appellant applied for and was issued a credit card by Emerge MasterCard with the last four digits 2388. Subsequent to appellant's receiving the MasterCard, Emerge sold and assigned all right, title and interest in appellant's *Page 2 
MasterCard to appellee. Appellant made various charges on the account. When appellant failed to make payment on the account, appellee filed a complaint for money due in Cuyahoga Falls Municipal Court. Appellant filed an answer. On July 14, 2006, appellee filed a motion for summary judgment. Appellant did not file a response to the motion for summary judgment. The matter was set for hearing before a magistrate. Neither side was present at the hearing.
 {¶ 3} The magistrate recommended that summary judgment be granted in favor of appellee. Appellant filed objections to the magistrate's decision, but failed to attach either a transcript or an affidavit to her objections as required by Civ.R. 53(D)(3)(b)(iii). The trial court adopted the magistrate's decision and granted summary judgment in favor of appellee. The trial court also entered judgment in favor of appellee in the amount of $4,846.32, plus costs and interest.
 {¶ 4} Appellant timely appealed the trial court's order, setting forth four assignments of error for review.
 II. ASSIGNMENT OF ERROR I "WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF FINDING THAT THERE WERE NO GENUINE ISSUES OF FACTS AS TO CAUSES OF ACTION." *Page 3 
 ASSIGNMENT OF ERROR II "WHETHER THE PLAINTIFF MET ITS BURDEN OF ESTABLISHING THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT RELATING TO THE ESSENTIAL ELEMENTS OF ITS CLAIM."
 ASSIGNMENT OF ERROR III "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BASED ON ITS ORDER THAT `NEITHER PARTY NEED APPEAR FOR THE [SUMMARY JUDGMENT] HEARING UNLESS THEY WISH TO PRESENT ADDITIONAL ARGUMENT TO THE COURT AND THAT `THE FAILURE OF A PARTY TO APPEAR FOR THE HEARING ON THE MOTION WILL BE CONSIDERED A SUBMISSION OF THE CASE TO THE COURT FOR DETERMINATION OF THE MOTION ON THE BRIEFS [ONLY]."
 ASSIGNMENT OF ERROR IV "WHETHER THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT RELYING SOLELY ON AN AFFIDAVIT OF ONE OF PLAINTIFF'S WITNESSES AND [THEIR] OWN GENERATED STATEMENTS WHICH ARE BOTH HEARSAY, THEREBY FIRST RELYING ON HEARSAY AND THEN BY MAKING THE CREDIBILITY OF THE AFFIDAVITS AND THE VERACITY OF THE STATEMENTS ISSUES IN GRANTING SUMMARY JUDGMENT."
 {¶ 5} In all four of her assignments of error, appellant challenges the trial court's award of summary judgment in favor of appellee. Therefore, the four assignments of error have been combined to facilitate this Court's review.
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most *Page 4 
favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,449.
 {¶ 9} To support its motion for summary judgment, appellee attached the affidavit of Ben Lundeen, the servicer of appellant's account on behalf of appellee, wherein he stated that $4,846.32 was owed on the account and that "[appellee] is *Page 5 
the current owner of, and/or successor to, the obligation sued upon." Appellee also attached the transaction history for appellant's account for the period of January 19, 2001, to November 5, 2003.
 {¶ 10} Appellant did not respond to appellee's motion for summary judgment.
 {¶ 11} Given the above, this Court finds that the trial court properly awarded summary judgment in favor of appellee. Appellant's assignments of error are overruled.
 III. {¶ 12} The decision of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 6 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 SLABY, P. J. DICKINSON, J. CONCUR *Page 1